UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD BYRD,

          Plaintiff,

v.

RANDALL HAAS, et al.,

          Defendants.
_____/

Case No. 2:17-cv-11427

HONORABLE STEPHEN J. MURPHY, III

## OMNIBUS OPINION AND ORDER

Plaintiff Gerald Byrd filed a pro se prisoner complaint in 2017 that alleged Defendants had violated his constitutional rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq*. ECF 1. The Court previously granted summary judgment or qualified immunity in favor of Defendants Haas, Leach, McKee, and Umeh as to all claims for monetary or injunctive relief under the First and Fourteenth Amendments. ECF 109. But the Court denied summary judgment to Defendant Haas for Byrd's injunctive relief claim that alleged violations of the Fourteenth Amendment's Due Process clause. *Id.* The Court did not rule on the RLUIPA claims and requested supplemental briefing on the issues. ECF 108. In the interim, Defendants moved for reconsideration of the Court's decision denying summary judgment to Defendant Haas on the Due Process issue. ECF 111. The Court will address the RLUIPA claims and the motion for reconsideration in turn.

1

## BACKGROUND

The Court's prior order explained the pertinent background of the litigation. ECF 109, PgID 3056–59.

## LEGAL STANDARD

The Court will undertake de novo review if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2)–(3). When it conducts a de novo review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection that merely states a disagreement with a magistrate judge's suggested resolution, or simply summarizes prior arguments, is not a valid objection that warrants review. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991).

To establish a claim under RLUIPA, an inmate must show that he sought to exercise his sincerely held religious beliefs and that the government substantially burdened that religious exercise. *Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 458 (6th Cir. 2019). If the initial burden is met, then the government must show that the burden imposed furthers a compelling government interest and is the least restrictive means of doing it. *Id.*

## DISCUSSION

I. <u>RLUIPA Claims</u>

The Magistrate Judge's Report and Recommendation ("Report") recommended denying summary judgment to Defendants Haas, Leach, and McKee under RLUIPA

2

because "[q]uestions of fact remain as to whether these defendants substantially burdened [P]laintiff's religious practice." ECF 98, PgID 2611–12. Defendants objected to the Report and argued that there was no dispute of fact over whether a "substantial burden" existed because Byrd only experienced a "mere inconvenience." ECF 103, PgID 2727–28. But due to both parties' incomplete briefing on the RLUIPA issue, the Court required supplemental briefing. ECF 108.

### A. *Qualified Immunity for RLUIPA Claims*

Qualified immunity is unavailable for the RLUIPA claims in this case. Although the statutory authority in RLUIPA does provide for a private right of action, the statute does not authorize monetary judgments against individuals in their individual capacity. *See Cavin*, 927 F.3d at 460 ("When Congress legislates with its Spending Clause and Commerce Clause powers, as it did to pass RLUIPA, Congress must speak clearly. RLUIPA doesn't clearly authorize money damages."); *see also Haight v. Thompson*, 763 F.3d 554, 570 (6th Cir. 2014). And qualified immunity only applies to claims for money damages, not claims for injunctive or declaratory relief. *See Flagner v. Wilkinson*, 241 F.3d 475, 483 (6th Cir. 2001) ("The defense of qualified immunity protects officials from individual liability for money damages but not from declaratory or injunctive relief."). Thus, the defense of qualified immunity is inapplicable to Byrd's claims of RLUIPA violations against the Defendants.

### B. *Relief under RLUIPA as to Defendants Haas and Leach*

The claims for injunctive relief under RLUIPA against Defendants Haas and Leach will be dismissed as moot. Defendant Haas was the Warden at the Macomb

Correctional Facility from February 2015 until February 2018, when he retired from the Michigan Department of Corrections ("MDOC"). ECF 80-10, PgID 949, 954. Similarly, Defendant Leach retired as the Special Activities Coordinator for MDOC in November 2018. ECF 80-4, PgID 787. A claim for injunctive relief against a defendant is moot when there is no chance of future injury to the plaintiff by the specific defendant. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) ("The equitable remedy [of injunction] is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again[.]"). Because Defendants Haas and Leach have both retired from their positions at MDOC, there is no chance of real or immediate harm or a threat of them to Byrd. Thus, the RLUIPA claims against Defendants Haas and Leach are moot. *See Brooks v. Celeste*, 201 F.3d 440 (Table), No. 98-4027, 1999 WL 1204879, at *1 (6th Cir. 1999) ("Clearly no injunctive relief can be granted from any [alleged misconduct by a defendant], as he retired from [the correctional facility] approximately four years ago. Thus, we find that the claim for injunction . . . is moot.").

      C.     *Relief under RLUIPA as to Defendant Umeh*

Likewise, the injunctive relief claim under RLUIPA against Defendant Umeh is moot. Defendant Umeh is a correctional officer at the Macomb Correctional Facility and was serving in that position while Byrd was incarcerated at that facility. ECF 80-12, PgID 1115–16. But Byrd has not been incarcerated at Macomb since August 2017. ECF 80-5, PgID 861–62. Under Sixth Circuit precedent, when a prisoner seeks

4

declaratory or injunctive relief against a specific prison facility or prison employee, the claim is moot when that prisoner "is no longer confined to the prison that [committed the alleged offense]." *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *see also Davis v. Mich. Dep't of Corr.*, No. 2:18-CV-6, 2019 WL 4686426, at *3 (W.D. Mich. Sept. 26, 2019), *aff'd*, No. 19-2264, 2020 WL 6364583 (6th Cir. Sept. 1, 2020) ("[A] prisoner cannot seek declaratory or injunctive relief against prison officials at a certain facility once he is transferred out of the facility[.]"). Because Byrd is no longer a prisoner at the Macomb Correctional Facility and the only remaining claim against Defendant Umeh is for injunctive relief under RLUIPA, the claim is dismissed as moot.

### D. *Relief under RLUIPA as to Defendant McKee*

And finally, the Court will grant summary judgment to Defendant McKee on the claim for injunctive relief under RLUIPA. Although an RLUIPA claim may be ripe against Defendant McKee because he currently works for MDOC and that work is not specific to any particular MDOC prison facility, summary judgment is proper because there is no genuine dispute of material fact over his involvement in Byrd's request.

Defendant McKee is a deputy director of correctional facilities administration and has served in that role since 2015. ECF 80-11, PgID 1075. Under MDOC Policy Directive 05.03.150, the deputy director holds final decision-making power over whether prisoners may hold new group religious services or possess new religious items not currently listed in the MDOC policy. ECF 80-2, PgID 763. The policy

5

directive also clearly sets out a chain of command that outlines how a request would reach the deputy director. *Id.* Before Defendant McKee had any authority to decide Byrd's request, the request must first have funneled through Byrd's warden or designee, then through the CFA Special Activities Coordinator, and finally through the Chaplain Advisory Council ("CAC") for review, "as needed" before reaching McKee, the deputy director. *Id.*

In short, Defendant McKee did not play any role in the requests from Byrd until Byrd's warden or designee and the CFA Special Activities Coordinator reviewed the request. Defendant McKee testified that he did not receive a request for group religious services or religious items from the CAC or Special Activities Coordinator. ECF 80-11, PgID 1081, 1083–84. Instead, the only evidence that suggested Defendant McKee was involved is a letter sent directly to Defendant McKee from Byrd. *Id.* at 1083–84. The letter included copies of other letters Byrd had sent to his warden. *Id.* Still, Defendant McKee testified that he did not recall receiving the letter, but if he had, then he would have given it to the Special Activities Coordinator as the proper recipient. *Id.* at 1083.

There is no evidence Defendant McKee ever received a request from Byrd through the proper channels set out in Policy Directive 05.03.150. Without any evidence, there is no genuine dispute of material fact over whether Defendant McKee substantially burdened Byrd's religious practice. The Court will therefore grant summary judgment to Defendant McKee as to Byrd's RLUIPA claim against him.

In sum, Defendant's objection to the Report is affirmed. The RLUIPA claims as to Defendants Haas, Leach, and Umeh are dismissed as moot. And summary judgment is granted to Defendant McKee on the RLUIPA issue.

II.   Motion for Reconsideration of Due Process Claim

The Court denied summary judgment to Defendant Haas on Byrd's Fourteenth Amendment Due Process claim for injunctive relief, and found a genuine dispute of material fact over whether Byrd's requests were received by Defendant Haas and why the requests were never forwarded. ECF 109, PgID 3069–70. Defendants moved for reconsideration, ECF 111, and the motion correctly asserted that because Defendant Haas is retired and because Byrd is no longer housed at Macomb Correctional Facility the injunctive relief claim under the Due Process Clause is now moot.

To succeed on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the Court . . . [has] been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). A palpable defect is one that is "obvious, clear, unmistakable, manifest, or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). A motion for reconsideration will not be granted if it "merely present[s] the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) (citation omitted).

7

Here, the Court made a clear mistake in finding that the injunctive relief claim against Defendant Haas was ripe. Without a ripe claim, there is no case or controversy under Article III of the United States Constitution for the Court to adjudicate. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 478 (1990) ("Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.") (citations omitted). Because there is no ongoing injury or threat that Byrd would be wronged again by Defendant Haas, even a favorable decision for injunctive relief will not redress the alleged injury. In all, the issue is moot and the motion for reconsideration is granted. The Court will dismiss the Fourteenth Amendment Due Process claim for injunctive relief against Defendant Haas as moot.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendants' objection to the RLUIPA portion of the Report [103] is **AFFIRMED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation [98] is **OVERRULED IN PART.**

**IT IS FURTHER ORDERED** that the RLUIPA claims against Defendants Haas, Leach, and Umeh are **DISMISSED** as **MOOT**.

**IT IS FURTHER ORDERED** that summary judgment is **GRANTED** in favor of Defendant McKee as to Plaintiff's RLUIPA claim [80].

**IT IS FURTHER ORDERED** that Defendants' motion for reconsideration [111] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Fourteenth Amendment Due Process claim for injunctive relief against Defendant Haas is **DISMISSED** as **MOOT.**

This is a final order that closes the case.

**SO ORDERED.**

                                            s/ Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: November 23, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 23, 2020, by electronic and/or ordinary mail.

                                            s/ David P. Parker
                                            Case Manager